IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ETHERNA IMMUNOTHERAPIES NV AND ETHERNA INC., <br><br> Plaintiffs, <br><br> v. <br><br> ETERNA THERAPEUTICS INC., <br><br> Defendant. | Civil Action No. 1:23-cv-11732 <br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT AND JURY DEMAND

This is an action for trademark and trade name infringement, false designation of origin, and unfair competition. Plaintiffs, Etherna immunotherapies NV and Etherna Inc. (collectively, "Etherna") allege as follows for their complaint against Defendant Eterna Therapeutics Inc. ("Eterna"):

### NATURE OF THE ACTION

1. Etherna seeks damages and injunctive relief for trademark and trade name infringement, false designation of origin, and unfair competition by Defendant Eterna in violation of the laws of the United States and the Commonwealth of Massachusetts. Defendant Eterna's use of the ETERNA company name and trademark in connection with mRNA technologies despite knowledge of Etherna's use of the ETHERNA company name and trademark in connection with mRNA technologies constitutes willful violation of Etherna's rights.

1

**PARTIES**

2.      Plaintiff Etherna immunotherapies NV is a company duly organized and existing under the laws of Belgium and having its corporate headquarters at Galileilaan 19, 2845 Niel, Belgium.

3.      Plaintiff Etherna Inc. is a corporation duly organized and existing under the laws of the State of Delaware and having its principal place of business at 20 Park Plaza, Suite 1005, Boston, Massachusetts 02116.

4.      Defendant Eterna Therapeutics Inc. is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 1035 Cambridge Street, Suite 18A, Cambridge, Massachusetts 02141.

**JURISDICTION AND VENUE**

5.      This action arises under federal law, state law, and common law. The federal law claims are federal trademark and trade name infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and federal false designation of origin and unfair competition in violation of the Lanham Act (15 U.S.C. § 1125(a)). The state and common law claims are trademark infringement in violation of Massachusetts common law and unfair competition in violation of Massachusetts law (Mass. Gen. Laws Ch. 93A, § 11).

6.      This Court has original subject matter jurisdiction over the federal law claims under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a)–(b) (trademarks and unfair competition), and 15 U.S.C. § 1121 (Lanham Act).

7.      This Court has supplemental subject matter jurisdiction over the state law and common law claims under 28 U.S.C. § 1367(a).

8.      This Court has both specific and general personal jurisdiction over Defendant Eterna. Pursuant to due process and the Massachusetts long-arm statute, Mass. Gen. Laws Ch. 223A, § 3, Defendant Eterna is subject to this Court's specific personal jurisdiction because this cause of action arises from: (1) Eterna's business transactions in Massachusetts; and (2) Eterna causing tortious injury to Etherna by acts within Massachusetts, specifically by infringing Etherna's trademark rights through acts in Massachusetts. Defendant Eterna is subject to this Court's general personal jurisdiction because it has continuous and systematic general business contacts in Massachusetts and the exercise of jurisdiction would be reasonable.

9.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)–(c) because, *inter alia*, Defendant resides in this district and is subject to personal jurisdiction in Massachusetts, and a substantial part of the events giving rise to the claims in this action arose or occurred in this district.

## BACKGROUND

### *Plaintiff Etherna and Its ETHERNA Company Name and Trademark*

10.     Plaintiff Etherna immunotherapies NV was founded in Belgium in January 2013, as a spin-off company from the Vrije Universiteit Brussel and based on research done at the Vrije Universiteit Brussel's Laboratory for Molecular and Cellular Therapy.

11.     Plaintiff Etherna Inc. was formed in Delaware in 2021, operating as a subsidiary of Etherna immunotherapies NV, with its corporate headquarters in Boston, Massachusetts.

12.     Since at least as early as 2013, Etherna has marketed and sold its proprietary mRNA-based goods and services in connection with the ETHERNA trademark (the "ETHERNA Mark") to customers throughout the United States, including without limitation to biotech companies and academic and research institutions, including customers in Massachusetts.

13. Etherna is an mRNA technologies company in the business of providing goods and services in the fields of mRNA, medical therapeutics, and lipid nanoparticle ("LNP") formulations for the delivery of mRNA therapeutics, for use in vaccines, cell therapy, gene editing, protein placement, and antibodies, which may be applied to patients for the treatment of various medical disorders, cancers, and infectious diseases (the "Etherna Goods and Services"). Etherna has previously employed its mRNA technology to develop candidate therapeutics for which it conducted clinical trials in Europe in 2017-2021.

14. Etherna's website, www.ethernamanufacturing.com, was registered on January 21, 2022, whereby the Etherna Goods and Services have been continuously promoted to United States consumers and businesses under the ETHERNA Mark. Etherna also maintains a website at www.etherna.be, registered on August 3, 2010, where it provides additional information about Etherna and its activities in the United States and around the world.

15. Etherna has promoted the Etherna Goods and Services in connection with its ETHERNA Mark across the United States through its websites, social media, print and digital marketing materials, and active participation at industry conferences, since at least as early as 2013. For example, Etherna attended and presented at numerous industry conferences in the United States, including but not limited to the Biotech Showcase in 2019 organized in parallel to the Annual J.P. Morgan Healthcare Conference (San Francisco, CA), the International mRNA Health Conference in 2018 (Cambridge, MA), and the American Society of Clinical Oncology (ASCO) Annual Meeting in 2019 (Chicago, IL).

16. Etherna is regularly mentioned in connection with its mRNA goods and services in industry publications and third-party articles and press releases with worldwide distribution, since at least as early as 2014. For example, Etherna has been mentioned in the journals *Nature* and

*Inside Precision Medicine*, in *Fortune*, and in publications on third-party industry news websites, such as Cision PR Newswire, Fierce Biotech, BioCentury, BioWorld, and Drug Discovery World, among others.

17.     Etherna has expended substantial time, money, and effort to advertise and promote the Etherna Goods and Services under the ETHERNA Mark in the United States.

18.     Etherna owns U.S. Application No. 97/728,325 to register the mark ETHERNA in connection with "Biological preparations for boosting cells in the immune system for improved therapies; biological preparations, namely, a mRNA-based composition for enhancing immunities; biological preparations in the nature of genetically modified cells and vectors for scientific and research purposes; biological and chemical reagents including complexes of these molecules for research and for clinical and industrial use" in International Class 1, "Vaccines; vaccine adjuvants; medical, biological, and pharmaceutical preparations for medical use, namely, preparations containing messenger RNA for preventing and treating viruses, medical disorders, and diseases; mRNA-based therapeutics and therapeutic agents for in prevention and treatment of viruses, medical disorders, and diseases; lipid nanoparticles for pharmaceutical, medical or diagnostic purposes; drug carriers for medical use, namely, lipid nanoparticles for delivering drugs; lipid nanoparticles for drug delivery sold as an integral component of drugs; pharmaceutical preparations, namely, messenger RNA and delivery agents comprised of lipid nanoparticle carriers and polymers for the delivery of mRNA to human cells" in International Class 5, "Custom manufacture of pharmaceutical and medical preparations; custom manufacture of mRNA molecules; custom manufacture of mRNA molecules formulated in lipid nanoparticles; custom manufacture of mRNA for use in vaccines, cell therapy, gene editing, protein replacement, and antibodies; provision of information, advice and consultancy services relating to all of the

aforesaid" in International Class 40, and "Scientific research and development; pharmaceutical research and development services; medical research and development services; scientific, pharmaceutical, and medical research and development in the field of mRNA therapeutics; scientific, pharmaceutical, and medical research and development in the field of proprietary lipids and lipid nanoparticle formulations for the delivery of mRNA therapeutics for the treatment of various medical disorders, cancer, and infectious diseases" in International Class 42.

19. Through Etherna's significant and long-term promotional activities, its ETHERNA company name and Mark embody extensive goodwill and industry recognition.

### *Defendant Eterna Therapeutics and Its Unlawful Conduct*

20. Upon information and belief, on October 11, 2022, Brooklyn ImmunoTherapeutics, Inc. changed its name to Eterna Therapeutics Inc. by filing with the Secretary of State of the State of Delaware a Certificate of Amendment to its Restated Certificate of Incorporation. The name change became effective and Eterna started using the Eterna company name and ETERNA trademark (the "ETERNA Mark") on October 17, 2022, well after Etherna started using its ETHERNA Mark in connection with mRNA-related goods and services in the United States.

21. Like Etherna, Eterna is an mRNA technologies company in the business of providing goods and services in the fields of mRNA, medical therapeutics, and lipid nanoparticle ("LNP") formulations for use in cell therapy, gene editing, and cell reprogramming, which may be applied to patients for the treatment of various medical disorders and cancers, among other things. As Eterna stated in its 2022 Form 10-K annual report filed with the United States Securities and Exchange Commission (the "Eterna 10-K"), Eterna plans to deploy its "mRNA technology platform through strategic partnerships," which includes use of Eterna's mRNA platform by strategic partners to develop therapeutics for human use. Like Etherna, Eterna previously

employed its mRNA technology to develop candidate therapeutics for which it conducted clinical trials in the United States in connection with a different name and trademark in 2005-2012 and 2015-2022.

22.     For example, as detailed in the Eterna 10-K, on February 21, 2023, Eterna entered into a cell line customization and license agreement with Lineage Cell Therapeutics, Inc. (the "Lineage Agreement"), pursuant to which Lineage may request Eterna to "develop for, and deliver to, Lineage certain induced pluripotent steam cell lines, which Lineage would use to evaluate the possible development of cell transplant therapies for treatment of diseases of the central nervous system in humans." According the Eterna 10-K, the new cell lines to be developed by Eterna under the Lineage Agreement will support the potential creation of additional product candidates at Lineage. As explained further by Eterna in its press release dated February 22, 2023, the Lineage Agreement "provides Lineage an option to obtain an exclusive license to utilize and sublicense the novel gene-edited cell lines for preclinical, clinical, and commercial purposes in the field of CNS diseases."

23.     Eterna's website similarly states that Eterna makes mRNA with various chemical and structural enhancements, formulates mRNA using lipid nanoparticle (LNP) technology to deliver the mRNA cargo, uses mRNA to express gene editing proteins to repair genetic damage and confer new functionality to cells, and uses mRNA to express reprogramming proteins to re-write a cell's gene expression program.  https://eternatx.com/technology/ (last accessed July 31, 2023).

24.     An additional example of the relatedness of the parties' respective goods and services offered in connection with the ETHERNA Mark and ETERNA Mark is the parties' LNP-

based formulas for use in their respective mRNA therapeutic products, as promoted on their respective websites:



25. Upon information and belief, Eterna's mRNA cell engineering technologies may further offer applications that Eterna is able to leverage through licensing and partnering opportunities with other industry-specific entities (the aforementioned goods and services recited in paragraphs 21 through 25 collectively referred to as the "Eterna Goods and Services").

26. The Eterna Goods and Services promoted and sold in connection with the ETERNA Mark are identical, highly similar, and/or related to the Etherna Goods and Services promoted and sold in connection with the ETHERNA Mark, as set forth in the paragraphs above.

27. The ETERNA Mark differs from the ETHERNA Mark in sight and spelling only by one letter. ETERNA and ETHERNA are pronounced in an almost identical manner.

28. Upon information and belief, Eterna uses and displays the ETERNA Mark on its website, promotional materials, social media, and investor materials to market and promote the

Eterna Goods and Services. Eterna promotes its ETERNA Mark and the Eterna Goods and Services offered thereunder within the biotech industry, including but not limited to pharmaceutical and biotech companies, such as Lineage Therapeutics.

29. Upon information and belief, Eterna markets and sells the Eterna Goods and Services under the ETERNA Mark in the same geographic regions that Etherna markets and sells the Etherna Goods and Services under the ETHERNA Mark, including, among other geographic locations, in the Commonwealth of Massachusetts.

30. As a result of Eterna's marketing and sale of the Eterna Goods and Services in connection with the ETERNA Mark, consumers are likely to be confused such that consumers will erroneously believe that Eterna is affiliated, connected, or associated with, or in some way related to Etherna or the Etherna Goods and Services offered under the ETHERNA Mark.

31. In a letter dated January 31, 2023, counsel for Etherna notified Eterna that it was infringing Etherna's trademark rights. Counsel for both parties engaged in further correspondence, and representatives from the parties engaged in discussions without counsel. The parties have been unable to resolve the dispute, which has culminated in this lawsuit.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
*Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)*

32. Etherna incorporates by reference the allegations set forth above as though fully set out herein.

33. Defendant Eterna uses the company name Eterna Therapeutics Inc. and uses the trademark ETERNA in commerce in connection with its advertising, promotion, and sale of the Eterna Goods and Services without authorization from Etherna.

34. Defendant Eterna's acts and conduct as set forth above likely have already caused and will continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Eterna with Plaintiff Etherna, or as to the origin, sponsorship, or approval of Eterna's goods, services, or commercial activities.

35. Defendant Eterna's unauthorized use of the ETERNA Mark and company name constitutes trademark and trade name infringement in violation of Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a).

36. Defendant Eterna's unauthorized use of the ETERNA Mark and company name will result in harm to Etherna's reputation and its goodwill in its ETHERNA trademark in the marketplace.

37. Defendant Eterna's infringement of Etherna's trade name and trademark has been willful, wanton, reckless, and in total disregard of Etherna's rights.

38. By reason of the foregoing, Etherna has suffered monetary damages and loss of goodwill. Defendant Eterna's acts and conduct are causing irreparable injury to Etherna, for which there is no adequate remedy at law, and will continue to do so unless this Court enjoins Defendant Eterna's use of the ETERNA Mark and company name.

39. By reason of the foregoing, Plaintiff Etherna has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial.

## COUNT II
**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
*Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125(a)*

40. Etherna incorporates by reference the preceding paragraphs above as though fully set out herein.

41. Defendant Eterna uses the mark ETERNA in commerce in connection with its advertising, promotion, and sale of the Eterna Goods and Services without authorization from Etherna.

42. Defendant Eterna's unlawful acts are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Eterna with Etherna or as to the origin, sponsorship, or approval of Defendant Eterna's goods, services, or commercial activities, and/or as to the nature, characteristics, or qualities of Plaintiff Etherna's goods and services.

43. Defendant Eterna has engaged in unlawful acts that constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a).

44. Defendant Eterna's acts and conduct are causing irreparable injury to Etherna, for which there is no adequate remedy at law, and will continue to do so unless this Court enjoins Defendant Eterna's use of the ETERNA Mark and company name.

45. By reason of the foregoing, Etherna has suffered monetary damages and loss of goodwill.

46. Defendant Eterna's conduct as described above has been willful, wanton, reckless, and in total disregard for Etherna's rights.

47. By reason of the foregoing, Plaintiff Etherna has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial.

## COUNT III
### TRADEMARK INFRINGEMENT
*in Violation of Massachusetts Common Law*

48. Etherna realleges and incorporates by reference the allegations set forth above as though fully set out herein.

49. Plaintiff Etherna owns and enjoys common law rights in its ETHERNA mark, which are superior to any rights which Defendant may claim to any similar mark, including ETERNA.

50. Defendant Eterna is using the mark ETERNA in Massachusetts in connection with the sale, offer for sale, and advertising and marketing of the Eterna Goods and Services in commerce without authorization from Etherna.

51. Defendant Eterna's unauthorized use of the ETERNA Mark is likely to cause confusion, mistake, or deception as to affiliation, connection, or association, of Defendant Eterna and Plaintiff Etherna, and is likely to cause confusion, mistake, or deception, regarding the origin, sponsorship, or approval of Defendant Eterna's goods, services, and commercial activities.

52. Defendant Eterna's acts and conduct as set forth herein constitute trademark infringement in violation of Massachusetts common law.

53. Defendant Eterna's acts and conduct as set forth herein will result in harm to Etherna's reputation and its goodwill in its trademark in the marketplace.

54. Defendant Eterna's acts and conduct as set forth herein has been willful, wanton, reckless, and in violation of Etherna's rights.

55. Defendant Eterna's unlawful acts and conduct have intended to cause, likely have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other harm to Plaintiff Etherna's business, reputation, and goodwill.

56. By reason of the foregoing, Plaintiff Etherna has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial.

## COUNT IV
## UNFAIR COMPETITION
*in Violation of Mass. Gen. Laws Ch. 93A, § 11*

57. Etherna incorporates by reference the allegations set forth above as though fully set out herein.

58. Defendant Eterna is using the mark ETERNA in Massachusetts in connection with the sale, offer for sale, and advertising and marketing of the Eterna Goods and Services in commerce without authorization from Etherna.

59. Both Defendant Eterna and Plaintiff Etherna are engaged in interstate trade or commerce.

60. The acts complained of herein occurred primarily and substantially in the Commonwealth of Massachusetts because Defendant Eterna actively does business in Massachusetts.

61. Defendant Eterna's unauthorized use of the ETERNA Mark is, and has been, committed knowingly in order to capitalize on and misappropriate Plaintiff Etherna's valuable goodwill in the ETHERNA Mark that it created through long and continuous usage of the ETHERNA Mark over many years.

62. Defendant Eterna's acts and conduct set forth herein constitute unfair and deceptive acts or practices within the Commonwealth of Massachusetts in violation of Mass. Gen. Laws Ch. 93A, § 11.

63. Defendant Eterna's unlawful acts will result in harm to Plaintiff Etherna's reputation and goodwill in its trademark in the marketplace.

64. Defendant Eterna's conduct described herein has been knowing and willful.

65. Defendant Eterna's wrongful and infringing activities have intended to cause, likely have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other harm to Plaintiff Etherna's business, reputation, and goodwill.

66. As a result of Defendant Eterna's acts and conduct as set forth herein, Plaintiff Eterna has suffered and will continue to suffer a loss of money.

67. As a result of Defendant Eterna's acts and conduct in violation of Chapter 93A as described herein, Plaintiff Etherna is entitled to damages in an amount to be proven at trial, such amount to be doubled or trebled, and an award of reasonable attorneys' fees and costs, as provided by statute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Etherna respectfully requests this Court to grant the following relief, and any other relief the Court may deem proper:

A. Enter a judgment in favor of Etherna and against Eterna declaring that Eterna's use of the ETERNA Mark and company name infringes Etherna's trademark and trade name rights in violation of federal, state, and common law;

B. Permanently enjoin and restrain Eterna, its officers, directors, agents, dealers, representatives, servants, and employees, and all others acting in concert with Eterna, from using the company name Eterna and/or the ETERNA Mark, and/or any company name or mark that imitates or is confusingly similar to or in any way similar to the ETHERNA Mark, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of the parties' respective products or services or connectedness of the parties;

C. Direct Eterna to file with this Court and serve on Etherna's counsel within thirty (30) days after the service on Eterna of the injunction, a report in writing under oath setting forth in detail the manner and form in which Eterna has complied with the injunction;

D. Order Defendant Eterna to account and pay over to Plaintiff Etherna all gains, profits, and advantages resulting from its unlawful conduct, the damages which Plaintiff Etherna has sustained by reason of the conduct alleged herein, or such other sum as the Court shall find to be just, under 15 U.S.C. § 1117, Massachusetts law, and other applicable law;

E. Allow Plaintiff Etherna permission to elect, prior to final judgment, statutory damages as its recovery rather than actual damages and profits, as provided in 15 U.S.C. § 1117;

F. Order Defendant Eterna to pay a sum totaling three times the compensatory damages for its willful and intentional misconduct, as provided for in 15 U.S.C. § 1117, Mass. Gen. Laws Ch. 93A, and/or other applicable law;

G. Order Defendant Eterna to pay pre-judgment interest on Plaintiff Etherna's damages, as provided in 15 U.S.C. § 1117, Mass. Gen. Laws Ch. 93A, and other applicable law;

H. Order Defendant Eterna to pay the cost of this action, as provided by 15 U.S.C. § 1117 and other applicable law

I. Order Defendant Eterna to pay Plaintiff Etherna's reasonable attorneys' fees, as provided by 15 U.S.C. § 1117, Mass. Gen. Laws Ch. 93A, and other applicable law;

J. Order Defendant Eterna to deliver up for destruction pursuant to 15 U.S.C. § 1118 all packaging, labels, signs, prints, advertising or promotional material, and the like in the possession custody or under the control of Eterna bearing the ETERNA Mark, or any other trademark confusingly similar to the ETHERNA Mark; and

K. Grant to Etherna such further relief as this Court deems just and proper.

## JURY DEMAND

Under Fed. R. Civ. P. 38, Etherna demands a trial by jury on all issues so triable.

Dated: July 31, 2023

Respectfully Submitted,

ETHERNA IMMUNOTHERAPIES NV AND ETHERNA INC.

By its attorneys,

*/s/Lisa M. Tittemore*
Lisa M. Tittemore (BBO #567941)
Katherine W. Soule (BBO #703965)
SUNSTEIN LLP
100 High Street
Boston, MA 02110-2321
Tel: (617) 443-9292
ltittemore@sunsteinlaw.com
ksoule@sunsteinlaw.com

*Attorneys for Plaintiffs*